**Danny Clark CROSS, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**No. 80–450C(4).**

United States District Court,
E. D. Missouri, E. D.

Jan. 7, 1982.

Danny Clark Cross, pro se.

James E. McDaniel, Barnard & Baer, St. Louis, Mo., for defendant.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on defendant's motions to dismiss, to revoke plaintiff's in forma pauperis status, and to require plaintiff to secure costs.

This case involves allegations by plaintiff of employment discrimination by defendant. Plaintiff moved to be allowed to proceed in forma pauperis on October 29, 1980.

Based upon the financial affidavit filed by plaintiff, this Court granted plaintiff's motion. The financial affidavit stated that plaintiff's income for his law practice in the twelve months preceding October, 1980, was $1,684.00, and his wife's income was $700.00 per month.

In December of 1981, defendant served upon plaintiff a subpoena duces tecum requiring plaintiff to produce at the start of trial copies of all his income tax returns for the years 1968 to 1981. When the case was called for trial on January 5, 1982, plaintiff did not produce the tax returns. Plaintiff stated that he did not believe the subpoena was valid because it requested that the documents be produced on December 7, 1981, the date of a prior trial setting of this case, but was not served until December 22, 1981.

Defendant's counsel demanded that plaintiff produce the requested returns on January 5, 1982, in open court. After discussion on the record, the parties agreed that plaintiff would produce tax returns for 1978, 1979, and 1980, as well as waivers from plaintiff allowing release of returns from the Internal Revenue Service files, by the end of the afternoon of January 5, 1982. Plaintiff produced nothing until the morning of January 6. Plaintiff then tendered to defendant copies of the first page of a 1040 form for 1978 and 1040A forms for 1979 and 1980, (filed with the Court and marked Court's Exhibits 1, 2, and 3.) No W-2 forms or schedules or any other information was attached.

On the morning of January 6, defendant moved the Court to find plaintiff in contempt for failure to produce the tax returns as requested. After careful examination of the three pages produced by plaintiff on the morning of January 6, and consideration of the statements of the parties on the record, the Court finds it absolutely incredible that plaintiff, an attorney representing himself, could believe that production of these three pages is a satisfactory response in good faith to defendant's request. Plaintiff in effect admitted to the Court that the 1979 1040A form tendered was not a copy of

what plaintiff submitted to the Internal Revenue Service. Plaintiff admitted that he tendered to defendant a copy of a 1040A form upon which plaintiff had transposed some information from the 1040A form actually sent to the Internal Revenue Service and which copy was kept merely for plaintiff's own records. The copy does not contain any name, address, or social security number of the taxpayer. Furthermore, the 1040 form for 1978 only contains a dollar amount repeated on four lines. It contains no information regarding deductions or taxes assessed. The Court finds it difficult to believe that these are copies of returns actually submitted to the Internal Revenue Service by plaintiff.

After argument on defendant's motion for contempt, the Court ordered plaintiff to produce full and complete copies of all available tax returns for the years 1978, 1979, and 1980, with all schedules and attachments; and execute and deliver to defendant original, signed and executed forms that would allow release of plaintiff's tax returns on file with the Internal Revenue Service for the years 1976 through 1980. That afternoon, plaintiff delivered to the office of defendant's attorney certain photocopied documents and several Internal Revenue Service Forms 4506. Form 4506 is a Request for Copy of Tax Form. The tendered forms were blank, except for the date, a check mark in item 14, and plaintiff's signature. The other documents delivered were more complete tax return forms with schedules and W–2 forms for the years 1978, 1979, and 1980.

The Court finds that these more complete forms raise serious questions about plaintiff's in forma pauperis status and the truthfulness of plaintiff's sworn financial affidavit in support of his in forma pauperis request. For example, plaintiff lists on his financial affidavit, filed October 20, 1980, as income for his law practice for the previous twelve months, $1,684.00. Schedule C from plaintiff's 1980 return, however, lists his 1980 income as $3,175.00. The financial affidavit also lists his spouse's income as $700.00 per month ($8,400.00 per year) while the return indicates that she made over $13,000.00 in 1980.

In considering its decision, the appropriate use of judicial resources must be factored in. The cumulative effect of plaintiff's conduct herein must be weighed. It has been necessary to refer discovery disputes to a Magistrate on more than one occasion, and the cause has been reset many times. After a jury was impaneled, plaintiff pro se, in forma pauperis, nonetheless repeatedly delayed the proceedings by failing to comply promptly with the Court's rules of procedure.

Rule 37(b) of the Federal Rules of Civil Procedure sets forth sanctions available to the district court for failure to comply with an order of the court relating to discovery. Dismissal for failure to produce documents or information is appropriate when the failure is due to willfulness, bad faith, or fault. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958); *Kropp v. Ziebarth*, 557 F.2d 142 (8th Cir. 1977).

The Court concludes, after careful consideration of the record in this case, that plaintiff's failure to produce complete tax returns is sufficient indicia of bad faith on the part of plaintiff to merit judicial remonstrance and shows a callous disregard for plaintiff's responsibilities as an attorney and officer of the court. The record shows that plaintiff concedes that a pro se litigant who is an attorney should meet a higher standard of conduct and competence than a pro se litigant who is not an attorney. For example, a layman might assume that appearing in court late and in shirt sleeves were matters of no consequence, or that the front page of a 1040 tax form would suffice as compliance with a request for a year's tax returns. A lawyer is required to know better and the Court suggested to the plaintiff that he may need a lawyer. The Court directed plaintiff to produce his tax returns and plaintiff, in callous disregard of his professional responsibilities, failed to do so. A layman may freely claim ignorance of the

law as an excuse, and even then it may not rescue him, but a lawyer may not resort to such a defense.

The Court also finds that the serious sanction of dismissal must be available to the district court, not only to deal with problems in the instant case, but also to serve as a deterrent to others who might employ dilatory tactics or show callous disregard for their responsibilities. *National Hockey League v. Metropolitan Hockey Club, Inc., supra*, 427 U.S. at 643, 96 S.Ct. at 2781. Again, what the Court might excuse in a layman could be regarded as precedent if permitted to a lawyer. Therefore, the Court will dismiss plaintiff's cause without prejudice.

Because of the questions raised about plaintiff's in forma pauperis status, the Court concludes that further investigation is necessary. Therefore, the Court will require plaintiff to obtain copies of his 1978, 1979, and 1980 income tax returns as filed with the Internal Revenue Service and submit copies to the Court before June 30, 1982. The Court will, upon receipt of the returns, set a hearing to determine whether plaintiff's in forma pauperis status was and is appropriate. If plaintiff fails to produce these returns by June 30, 1982, absent good cause shown, the Court will impose appropriate sanctions on plaintiff.